# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**MATTHEW AARON ESCALANTE,**

    **Petitioner,**

    v.                                                                              **CASE NO. 23-3193-JWL**

**PAUL BURMASTER, et al.,**

    **Respondents.**

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner is not currently in custody. The Court screened the Petition (Doc. 1) under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC") ordering Petitioner to show good cause, in writing, why this matter should not be dismissed as frivolous, because Petitioner is not in custody, and under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). The deadline to respond to the MOSC was September 13, 2023. Petitioner has failed to respond by the Court's deadline.

The Court found in the MOSC that Petitioner's claims relate to Case No. 18CV3813 pending in the Family Civil Court in Johnson County, Kansas. The Tenth Circuit has affirmed cases applying *Younger* to child custody cases. *See Thompson v. Romeo*, 728 F. App'x 796, 798 (10th Cir. 2018) (unpublished) (holding that district court properly applied *Younger* abstention to dismiss claims arising from allegedly unconstitutional orders entered in ongoing state-court divorce and child-custody proceeding); *Alfaro v. Cnty. of Arapahoe*, 766 F. App'x 657, 661 (10th Cir. 2019) (unpublished) (holding the district court properly concluded that *Younger* abstention would apply to the plaintiff's claims for constitutional violations in connection with state-court divorce and child-custody proceedings, to the extent that the state-court proceedings were

ongoing).

The Court found that Petitioner's state court child custody proceedings are ongoing and he is not currently in custody. *See Brooks v. Hanson*, 763 F. App'x 750, 752 (10th Cir. 2019) (unpublished) (finding that the district court correctly concluded that Brooks was not in custody regarding his restitution claim and the court lacked jurisdiction over his case). The Court also found that Petitioner raised the same issues in a prior case, in which he was advised about *Younger* abstention and judicial immunity, and the case was ultimately dismissed based on those doctrines. *See Escalante v. Burmaster*, Case No. 23-2130-TC-TJJ (D. Kan.).

The Court ordered Petitioner to show good cause why this matter should not be summarily dismissed as frivolous, because Petitioner is not in custody, and based on *Younger* abstention. (Doc. 4, at 7.) The MOSC provides that "[t]he failure to file a timely response will result in this matter being dismissed without further prior notice to Petitioner." *Id*. Petitioner has failed to respond by the Court's deadline and has failed to show good cause why this matter should not be dismissed for the reasons set forth in the Court's MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed without prejudice.**

**IT IS SO ORDERED**.

**Dated September 18, 2023, in Kansas City, Kansas.**

> S/   John W. Lungstrum
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**